AO 91 (Rev. 11/11) Criminal Complaint

**GOVERNMENT EXHIBIT 1** 2:25mj14

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

FILED
JAN 24 2025
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Case No. 2:25mj 14 |
| ADAN BOLIVAR ARCENTALES ANCHUNDIA and FROWEN ANTONIO ALCIVAR MUENTES, | ) ) ) ) |
| Defendants | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of January 16, 2025, in the Eastern District of Virginia and elsewhere, the defendants violated:

**Code Section(s):**  **Offense Description(s)**

Count One:
46 U.S.C. § 70503(a)(1)    Possession with intent to distribute a mixture and substance containing a detectible amount of Cocaine, on board a vessel subject to the jurisdiction of the United States and elsewhere within the jurisdiction of this Court in violation of 46 U.S.C. 70503(a)(1).

This criminal complaint is based on these facts: Please see attached Affidavit.

READ AND REVIEWED:

Kevin Comstock
Assistant United States Attorney

☒ Continued on the attached sheet.

*Complainant's signature*

DEA Special Agent Edward C. Roesch
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 24, 2025

*Judge's signature*

United States Magistrate Judge Lawrence R. Leonard
*Printed name and title*

City and state: Norfolk, Virginia



## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT/ARREST WARRANT

I, Ed Roesch, Special Agent, Drug Enforcement Administration (DEA), Hampton, Virginia, being duly sworn, state the following:

1. I am a Special Agent with the United States Drug Enforcement Administration (DEA), where I have worked since August of 2019. Before joining the DEA as a Special Agent, I was a Task Force Officer assigned to the DEA Norfolk, High Intensity Drug Trafficking Area (HIDTA) group which I fulfilled from June of 2015 until April of 2019. Additionally, I was employed by the Portsmouth Police Department from August 2011 until April of 2019 and served all but my initial two years within the Special Investigations Unit (narcotics). I have received specialized training regarding the detection and investigation of drug trafficking organizations while with DEA and the Portsmouth Police Department. I have also acquired knowledge regarding these subject areas through practical experience by participating in narcotics investigations during my work with the DEA and the Portsmouth Police Department.

2. I have probable cause to believe that Adan Bolivar ARCENTALES Anchundia and Frowen Antonio ALCIVAR Muentes have committed the following offense in violation of federal law: Manufacture, Distribution, or Possession of a Controlled Substance on a Vessel (46 U.S.C. § 70503). Your affiant is aware these crimes may be prosecuted in any district of the United States. (46 U.S.C. § 70504).

## PROBABLE CAUSE IN SUPPORT OF ARREST WARRANT

3. Since November 2018, members of the DEA Hampton Post of Duty, in partnership with DEA Bogota, HSI Norfolk and Coast Guard Investigative Services, have been investigating maritime smuggling operations based on the Pacific coast of Colombia. Your affiant is aware that drug trafficking organizations will utilize vessels such as Go-Fast Vessels, hereafter referred to as GFV, to transport multi-hundred kilogram shipments of narcotics from the west coast of Colombia to awaiting transfer

vessels or destinations throughout Central America or Mexico with the final destination being the United States for distribution.

4. On January 16, 2025, United States Coast Guard (USCG) Cutter Waesche was conducting routine patrol within the Eastern Pacific Ocean. During that time, an embarked helicopter located a go-fast vessel (GFV) within international waters appearing to be dead in the water with two (2) persons onboard and three (3) outboard engines approximately 544 nautical miles South of Mexico. The helicopter was soon after forced to return to USCG Cutter Waesche due to mechanical failure, temporarily losing visual observation of the GFV. The helicopter later returned to the last known area the GFV was observed within and reacquired the vessel. The GFV was observed as still dead in the water, displaying no indicia of nationality and operating in a known drug trafficking area located within international waters. A USCG Cutter Waesche small boat crew soon after encountered the GFV and observed two persons, later identified as Adan Bolivar ARCENTALES Anchundia and Frowen Antonio ALCIVAR Muentes, onboard cutting lines connecting the GFV to bundles of bails in the water. Neither person onboard made a claim of nationality, vessel nationality, or claim of master. USCG personnel requested, and were approved, to treat the vessel as without nationality in order to conduct a full law enforcement boarding.

5. In doing so, members of the USCG Cutter Waesche conducted two (2) NIK tests of the contents of one (1) package taken from the water both yielding a positive identifier to the presence of cocaine, a schedule II controlled substance. 360 imagery assisted USCG personnel in gathering additional contraband found in the water immediately surrounding the GFV and in total, ten (10) bales containing approximately 400 kilograms of cocaine were recovered. The weather began to degrade rapidly and the GFV began taking on water. Due to safety concerns, no further efforts were made to continue searching for any additional contraband and both ARCENTALES Anchundia and ALCIVAR Muentes were transported back to the USCG Cutter Waesche along with the recovered cocaine. Both of the mariners

2

found aboard the GFV were detained and are being transferred to the Eastern District of Virginia for prosecution.

WHEREFORE, based upon the above information, your Affiant believes probable cause exists to charge Adan Bolivar ARCENTALES Anchundia and Frowen Antonio ALCIVAR Muentes with Manufacture, Distribution, or Possession of a Controlled Substance on a Vessel (46 U.S.C. § 70503).

FURTHER YOUR AFFIANT SAYETH NOT.

Edward C. Roesch, Special Agent
Drug Enforcement Administration

Reviewed by:

Sworn and subscribed to
before me on this
24th day of January, 2025

Hon. Lawrence R. Leonard
United States Magistrate Judge
Norfolk, Virginia

3